1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA


- - - - - - - - - - - - X
UNITED STATES OF AMERICA, :
                         :
      Plaintiff,         :
                         :
vs.                      :      Criminal No. 4:00-cr-195
                         :
LARRY GALE CHENOWITH,    :         HEARING TRANSCRIPT
                         :
      Defendant.         :
- - - - - - - - - - - - X

                         Chambers, Second Floor
                         U.S. Courthouse
                         123 East Walnut Street
                         Des Moines, Iowa
                         Monday, September 12, 2011
                         2 p.m.


BEFORE:  THE HONORABLE ROBERT W. PRATT, Judge.



APPEARANCES:

For the Government:      JOEL W. BARROWS, ESQ.
   (By Telephone)        Assistant U.S. Attorney
                         U.S. Courthouse
                         131 East Fourth Street, Suite 310
                         Davenport, Iowa  52801


For the Defendant:       LARRY GALE CHENOWITH, Pro Se
   (By Telephone)        4607 Navajo Street
                         Council Bluffs, Iowa 51501-8723


Also Present:            ANDREA NEUMANN
   (By Telephone)        United States Probation Officer




        THERESA KENKEL - CERTIFIED SHORTHAND REPORTER

                                                                    2

1                        P R O C E E D I N G S

2            THE COURT:  Mr. Chenowith?

3            DEFENDANT CHENOWITH:  Yes.

4            THE COURT:  Yes.  And who appears for the Government?

5    Mr. Hayward?

6            DEFENDANT CHENOWITH:  Ms. Neumann is here, my

7    probation officer, she's on the line, too.

8            THE COURT:  Okay.  Well, I was inquiring if

9    Mr. Hayward, the Assistant United States Attorney, was on the

10   phone.

11           DEFENDANT CHENOWITH:  Mr. Hayward?

12           PROBATION OFFICER NEUMANN:  No--

13           THE COURT:  I'm sorry?  Andrea, go ahead.

14           PROBATION OFFICER NEUMANN:  No AUSA is present at the

15   moment--for the call yet.

16           THE COURT:  Okay.  We'll just wait, then.

17           Mr. Hayward?

18           MR. BARROWS:  This is Joel Barrows, Your Honor.

19           THE COURT:  Hi, Joel.  This is Judge Pratt.  I have on

20   the phone Ms. Neumann from the probation office and

21   Mr. Chenowith.

22           I don't know whose burden this is, but, Mr. Chenowith,

23   this is your request, so if you just want to speak loudly and

24   clearly, the court reporter, Ms. Kenkel, who is here, is taking

25   down this so we have a record of the proceedings.  Okay?

1          DEFENDANT CHENOWITH:  Yes, sir.  My name is Larry Gale

2    Chenowith, and I'm currently on supervised release.  I submitted

3    a motion for early termination of my supervised release based on

4    strictly good conduct.  I was sentenced to the Federal Bureau of

5    Prisons for distributing methamphetamine for 120 months

6    imprisonment, and five years supervised release.

7          While in prison I had no disciplinary actions, I

8    completed--successfully completed a 500-hour residential drug

9    abuse program and aftercare requirement, and received a year off

10   of my sentence.

11         Since being released to the supervision, I've complied

12   with all requirements of supervision and I successfully--I

13   consistently passed all random drug testing up to this three-

14   year point.

15         THE COURT:  All right.  Anything else?

16         DEFENDANT CHENOWITH:  Well, I'm seeking to be released

17   because I'm on what they call disability, and I'm on a limited

18   income, and I want to--since the doctors won't release me to go

19   back to work for anybody, I have to create my own business

20   atmosphere.  And to do that, you know--I got a loan going right

21   now and I had to get a co-signer because I'm on supervised

22   release, and I believe it financially, you know, impairs any

23   type of loans I may seek in the future for this business

24   opportunity.

25         THE COURT:  Okay.  Mr. Chenowith, maybe I missed

1    something, and maybe counsel for the Government would be better

2    asking this, but I wasn't aware that you had a disability.

3            DEFENDANT CHENOWITH:  Oh, yes, sir.

4            THE COURT:  Okay.  Tell me--

5            DEFENDANT CHENOWITH:  Excuse me?

6            THE COURT:  I said go ahead and tell me about that,

7    will you?

8            DEFENDANT CHENOWITH:  I was on disability prior to my

9    instant offense.  Well, I sent a Freedom of Information Act to

10   the United States Probation Office to get a PSIR report, but my

11   motion--or my FOIA request hasn't been officially--

12           THE COURT:  Well, I'm sure Ms. Neumann will tell me

13   about that, and it's not anybody's fault but mine that I didn't

14   recall that from your report.

15           DEFENDANT CHENOWITH:  Okay.  The PSIR report, around

16   paragraph 82, I'm on--it should say right in there that I'm on

17   Social Security Disability Insurance.

18           THE COURT:  Okay.  All right.

19           Joel, you want to go ahead?

20           MR. BARROWS:  Yes, Your Honor.  I have very limited

21   knowledge of what Mr. Chenowith has or has not done while on

22   supervised release.  I was able to discuss this with Ms. Neumann

23   last week.  My understanding is Mr. Chenowith has not completed

24   two-thirds of his supervised release, and the probation office's

25   policy is two-thirds has to be completed before they're willing

1  to support a petition under this section.  So apparently that

2  hasn't occurred.

3         If I understood correctly from Ms. Neumann,

   Mr. Chenowith was--it was strongly suggested to him that he wait

5  until he at least completed two-thirds of his supervised release

6  before seeking early termination.

7         Obviously the Government doesn't want to be in the

8  position of condoning pro se motions that are filed at a point

9  when the defendant no longer finds supervised release

10 convenient.  Congress established the mandatory supervised

11 release in these cases for a reason, and that's to assure that

12 the defendant can assimilate by being under supervision for a

13 sufficiently prolonged time period before he's essentially cut

14 loose to survive on his own in society, and obviously that

15 exists for a reason.  That's why at this point we resisted the

16 motion.

17        DEFENDANT CHENOWITH:  Your Honor, may I comment on

18 that?

19        THE COURT:  Yes, but I want to hear from Ms. Neumann

20 first, okay--

21        DEFENDANT CHENOWITH:  Yes.

22        THE COURT:  --Mr. Chenowith, and then you can comment

23 on it.

24        Ms. Neumann?

25        PROBATION OFFICER NEUMANN:  Your Honor, it is true

1  that Mr. Chenowith has not satisfied two-thirds of his

2  supervised release.  His date is January 19, 2012, will be his

3  two-thirds mark, and at that point we can reassess his

4  two-thirds early termination.

5          THE COURT:  Ms. Neumann, I have the pro se filing that

6  Mr. Chenowith made.  He said that as of this week, September

7  19th, he said he will have successfully completed three years of

8  the five years of supervised release.  Is that correct or not?

9          PROBATION OFFICER NEUMANN:  That is correct.  We

10  calculate his two-thirds in months.  He was originally five

11  years, which is 60 months.  Two-thirds of this is approximately

12  40 months, which will be January of 2012.

13          THE COURT:  So he's at two-thirds as of the time he

14  completes 40 months?

15          PROBATION OFFICER NEUMANN:  Correct.

16          THE COURT:  Okay.  And he's done 36 months as of this

17  month?

18          PROBATION OFFICER NEUMANN:  That is correct.

19          THE COURT:  All right.  Okay.  Anything else,

20  Ms. Neumann?

21          PROBATION OFFICER NEUMANN:  We will concur with

22  Mr. Chenowith in that he has been in compliance with his

23  supervised release.

24          THE COURT:  And did you know anything about the loan

25  requirement and a co-signer and the disability?

1          PROBATION OFFICER NEUMANN:  The specifics as far as

2  him needing a co-signer individual, I don't recall.  Essentially

3  he's stating it's a financial burden.

4          THE COURT:  All right.  Mr. Chenowith?

5          DEFENDANT CHENOWITH:  That's misunderstood.  In the

6  past, in California, I had a loan, and because of the supervised

7  release, on that aspect I had to get a co-signer, which I had to

8  get my brother to co-sign on there.

9          THE COURT:  Okay.

10          DEFENDANT CHENOWITH:  Which loan is still currently

11  going.

12          THE COURT:  All right.  Mr. Chenowith, did you have

13  anything else you wanted to say?

14          DEFENDANT CHENOWITH:  Yes.  On August 1st, Ms. Neumann

15  and I's monthly meeting, I had her review this motion for early

16  termination and I asked her if she had any objections to this

17  motion at this time, and she asked me why.  And I said if she

18  had any objections to it, I was not going to waste the Court's

19  time in submitting it.  If she didn't have any objections to it,

20  then I would go downstairs and I'd mail the copy of this motion

21  that's before you right now.  She said she had no objections to

22  it, and I went ahead and mailed it to the Court and to the

23  United States Attorney's Office in Des Moines.  And it

24  specifically states on the second page, in the conclusion, it's

25  been three of five years.

1          After I get--the Court contacted her, she come back

2     and said that it was 40 months, explaining--which was in

3     January.

4          PROBATION OFFICER NEUMANN:  Which I then notified you

5     that the two-thirds was calculated in months and not years.

6          DEFENDANT CHENOWITH:  Ms. Neumann, but you read this.

7     Your read this brief--or this motion before I sent it to the

8     Court and you said you had no objection.

9          THE COURT:  Well, Mr. Chenowith, I have to determine

10    it.  It's not Ms. Newumann's obligation.  The way they calculate

11    it, or the merits of the arguments have to be resolved by me, so

12    it's really something that's not of major concern.  Whatever

13    your discussion was with Ms. Neumann doesn't really relate to

14    what my job is or the decision.  Do you understand that?

15         DEFENDANT CHENOWITH:  Yes, sir.

16         THE COURT:  Mr. Barrows, do you have any comments on

17    behalf of the Government additionally?

18         MR. BARROWS:  Nothing beyond what I've already said,

19    Your Honor.  In terms of all of the underlying facts, personally

20    I'm not aware of anything other than what was filed in

21    Mr. Chenowith's motion.

22         THE COURT:  Okay.  And the only thing I saw was what

23    he told me in his motion about the traffic violation that he

24    had, that's the only record that I know of.

25         MR. BARROWS:  Yeah.  That's my understanding, too,

1  Your Honor.

2          THE COURT:  Okay.  Thank you very much.  We'll

3  consider the matter submitted.

4          DEFENDANT CHENOWITH:  Thank you, Your Honor.

5          PROBATION OFFICER NEUMANN:  Thank you.

6          MR. BARROWS:  Thank you, Your Honor.

7          (Proceedings concluded at 2:12 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2          I, the undersigned, a Certified Shorthand Reporter of

3    the State of Iowa, do hereby certify that I acted as the

4    official court reporter at the hearing in the above-entitled

5    matter at the time and place indicated;

6          That I took in shorthand all of the proceedings had at

7    the said time and place and that said shorthand notes were

8    reduced to typewriting under my direction and supervision, and

9    that the foregoing typewritten pages are a full and complete

10   transcript of the shorthand notes so taken.

11         Dated at Des Moines, Iowa, this 6th day of June, 2012.

12

13

14              /s/ Theresa Kenkel
                CERTIFIED SHORTHAND REPORTER
15

16

17

18

19

20

21

22

23

24

25